# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: September 10, 2020

* * * * * * * * * * * *

| | |
|---|---|
| VICKI SCHUMACHER, | UNPUBLISHED |
| Petitioner, | No. 18-1031V |
| v. | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Dismissal; Failure to Prosecute; Insufficient Proof. |
| Respondent. | |

* * * * * * * * * * * *

*Michael A. Galasso,* Robbins, Kelly, Patterson & Tucker, LPA, Cincinnati, OH, for petitioner.
*Ryan D. Pyles,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On July 16, 2018, Vicki Schumacher ("petitioner")[2], timely filed a petition pursuant to the National Vaccine Injury Compensation Program.[3]  Petitioner alleges that as a result of receiving an influenza ("flu") vaccination on October 11, 2016, she developed Guillain-Barré Syndrome ("GBS"). The petition was accompanied by medical records.  The information in the record does not establish entitlement to compensation.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion. *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] This petition was originally filed by Eric W. Goering, Trustee, on behalf of petitioner.  ECF No. 1.  The case was re-captioned on October 4, 2018. *See* Order to Amend Case Caption (ECF No. 16).

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

## I.        Procedural History

Petitioner filed her petition on July 16, 2018, alleging that she suffered Guillain-Barre syndrome as a result of receiving the influenza ("flu") vaccination administered on October 11, 2016.  Amended Petition (ECF No. 10).

On May 9, 2019, respondent filed a status report stating that the record had been reviewed and based on the current record, "declines to entertain settlement negotiations," and requested time to file his Rule 4(c) report.  Status Report (ECF No. 27).  I ordered petitioner to file an expert report addressing vaccine causation.  Petitioner filed an expert report from Dr. Arthur Hughes, M.D. on July 3, 2019.  Petitioner's Exhibit ("Pet. Ex.") 11.

On July 26, 2019, a status conference was held in this case.  I ordered petitioner to file a supplemental expert report or a corrected report from Dr. Hughes, clarifying petitioner's onset of symptoms and explain the prolonged progression of her symptoms until the diagnosis.  *See* Scheduling Order (ECF No. 32).  For a year, petitioner requested, and was granted, additional time to file a supplemental expert report.  *See* Petitioner ("Pet.") Motion ("Mot.") for Extension of Time (ECF Nos. 33-36).  Petitioner never produced a supplemental expert report from Dr. Hughes or another expert.

On March 23, 2020, petitioner filed a fourth motion to extend time, stating, "Counsel for petitioner intends to seek leave of the Court to withdraw.  It is unclear at this time whether the undersigned counsel will be replaced, whether petitioner intends to proceed *pro se*, or whether dismissal will be sought."  Pet. Mot. to Extend Time (ECF No. 36).  On July 16, 2020, another status conference was held in this case.  During that status conference, petitioner's counsel Mr. explained that after the initial status conference, he requested Dr. Eric Gershwin review petitioner's medical records and provide an opinion regarding vaccine causation.  Counsel explained that Dr. Gershwin declined to provide an opinion in this case. Mr. Galasso stated that he met with petitioner and her husband, explained the current status of the case and informed them that he wanted to withdraw from the case.  Mr. Galasso stated that he provided a list of other vaccine attorneys to consult.  Counsel stated he has since lost contact with petitioner.  *See* Show Cause Order (ECF No. 38).

After the status conference, I issued an Order to Show Cause, stating:

 Pursuing this claim further will require petitioner to obtain a supplemental expert report in support of vaccine causation, as well as the additional evidence necessary to support her allegations of symptom onset.  Petitioner has been made aware of her counsel's intention to withdraw and has been made aware that she needs to either retain other counsel or pursue this claim *pro se*. It has been nearly a year since petitioner has filed any additional evidence to support her claim.

Order to Show Cause at 3.  Further, the Show Cause Order stated, "…it is unlikely that the petitioner will be able to succeed in establishing vaccine causation in this absent additional evidence."  *Id.* at 3.  Petitioner was directed to file a supplemental expert report or any additional evidence to support her claim within thirty days or her claim would be dismissed.  *Id.*  Further, the Clerk of the Court was directed to mail a copy of the Order to Show Cause to her last known address.  Petitioner has failed to respond to the order.

## II.        Analysis

Petitioner's claim may properly be dismissed for failure to comply with my orders.  A petitioner's inaction and failure to abide by a special master's order risks dismissal of a claim.  *Tsekouras v. Sec'y of*

*Health & Human Servs.*, 26 Cl. Ct. 439 1992, *aff'd per curiam without opin.*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl 503 (1996); Vaccine Rule 21(b). Petitioner has failed to comply with the Order to Show Cause, to file additional evidence to support her claim. Additionally, her counsel asserts that he has been unable to contact her.

Additionally, petitioner's claim may properly be dismissed on substantive grounds. A petitioner has the burden of establishing entitlement to compensation through one of two ways. The first way is to establish that the vaccinee suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). Here, the evidence does not support that petitioner suffered a Table Injury.

Thus, petitioner must proceed on the second route – she must establish that the vaccine actually caused (or "caused in fact") the onset or significant aggravation of a condition suffered by the petitioner. § 300aa-13(a)(1)(A). Under the relevant test, petitioner must establish (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Here, the medical records and the expert report filed by petitioner do not establish that petitioner's GBS was actually caused by the flu vaccine she received on October 11, 2016. After reviewing the records and the report petitioner filed by Dr. Hughes, I informed petitioner that the onset of petitioner's GBS was a significant issue that needed to be addressed by additional evidence. A careful review of her medical records indicated that her GBS symptoms began within the week before her hospitalization on January 10, 2017 and not in November as she had claimed. The onset of symptoms within the week prior to January 10, 2017 appeared particularly plausible as her condition developed from that point in the manner of a classical GBS presentation. Onset in November to a nadir in mid-January would be inconsistent with the expected progression of GBS. Petitioner never produced additional evidence, in the form of witness affidavits that could attest to the onset of petitioner's symptoms, or an additional expert report who could explain the long onset of symptoms from the date of vaccination. Therefore, it is appropriate to dismiss petitioner's claim for insufficient proof.

### III.     Conclusion

This case is dismissed for failure to prosecute and for insufficient proof. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).